**Kenneth A. Goldberg, Esq.**
**GOLDBERG & FLIEGEL LLP**
**192 Lexington Avenue, Suite 902**
**New York, New York 10016**
**(212) 983-1077**
**Attorneys For The Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| William Martinez,<br><br>Plaintiff,<br><br>- against -<br><br>Kleinfeld Bridal Corp.,<br><br>Defendant. | **16 Civ. 348**<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION AND THE PARTIES

1. This case is about a well-known company that unlawfully fired a disabled employee after he was denied an accommodation for his disabilities and was savagely and brutally attacked by his supervisor for complaining about the denial of his legal rights.

2. This is an action to redress unlawful discrimination based on disability, unlawful retaliation, and unlawful discharge, under the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq.; and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq.

3. Plaintiff William Martinez ("Plaintiff" or "Mr. Martinez") is an individual residing in Brooklyn, New York.

4. Defendant Kleinfeld Bridal Corp. ("Defendant" or "Kleinfeld") is a Corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. The events giving rise to the claims set forth herein occurred within the State of New York and the City of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to federal law, including the ADA, 42 U.S.C. § 12101 et seq., and 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

7. Venue is proper in this district pursuant to federal law, including the ADA, 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1391.

8. In January 2015, Plaintiff filed a timely charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

9. In October 2015, Plaintiff requested that EEOC issue him a Notice of Right To Sue Letter.

10. At Plaintiff's request, on or about October 30, 2015, the EEOC issued a Notice of Right To Sue Letter.

11. Plaintiff filed this lawsuit in a timely fashion and satisfied all of the statutory prerequisites to filing same.

## FACTS

12. Kleinfeld is a well-known company that sells designer bridal gowns and is featured on the successful television show entitled "Say Yes to the Dress" on the TLC Network.

13. Plaintiff was employed by Kleinfeld from about February 2011 to May 6, 2014.

14. Plaintiff worked at Kleinfeld's bridal shop at 110 West 20th Street, Manhattan.

15. Plaintiff worked in the Shipping and Receiving Department at Kleinfeld.

16. In that position, Plaintiff lifted, carried, transported, assembled, packed and shipped bridal gowns and accessories, and Plaintiff performed various clerical functions.

17. Plaintiff did not have a high profile glamorous job at Kleinfeld.

18. He was not a cast member of "Say Yes to the Dress."

19. He was not an executive or manager.

20. He was not a salesperson on the showroom floor.

21. However, Plaintiff was a hard working, dedicated member of the staff.

22. Plaintiff reported to Manuel (aka "Manny"), Manager of Operations, Shipping and Receiving.

23. Manny was a younger, larger and stronger man and had a background in martial arts.

24. In 2014, Plaintiff's fourth-year with Kleinfeld, he became ill and was hospitalized.

25. On March 26, 2014, Plaintiff was admitted to Lutheran Medical Center and was hospitalized for a serious health condition relating to his kidney, which the doctors identified as Nephrotic Syndrome.

26. Plaintiff called Manny from the hospital and advised him of the situation.

27. On or about April 11, 2014, Plaintiff was discharged from the hospital.

28. Plaintiff's medical condition substantially limited one or more major life activities, including without limitation walking, lifting, pushing, carrying, and climbing.

29. Plaintiff had a disability within the meaning of applicable law.

30. On or about April 12, 2014, Plaintiff returned to work.

31. At that time, Plaintiff needed to use a cane for walking and did so.

32. Upon returning to work, Plaintiff spoke with Manny, who saw that Plaintiff was walking with the use of a cane and also saw that Plaintiff was suffering physical pain.

33. Plaintiff advised Manny that for a period of time Plaintiff could not perform certain physical tasks of the job but could perform the clerical functions.

34. Plaintiff's discussion with Manny constituted a request for reasonable accommodation for Plaintiff's disability.

35. Plaintiff offered a medical note to Manny but Manny refused to accept it.

36. After Plaintiff returned to work, he also met with Rosanne Clerkin (Vice President Sales & Operations), who was responsible for human resources ("HR") matters.

37. Plaintiff advised Ms. Clerkin that he had just been released from the hospital, that he was walking with a cane, and that because of his medical condition, it was difficult for him to walk and chase after certain staff members in the office to obtain signatures and approvals.

38. Plaintiff advised Ms. Clerkin that he had complained to Manny about this issue and, among other items, asked Ms. Clerkin to ask staff to be more cooperative with him given his medical condition.

39. Plaintiff's discussion with Ms. Clerkin constituted a request for reasonable accommodation for Plaintiff's disability.

40. Ms. Clerkin called Manny and advised him of her meeting with Plaintiff.

41. Thereafter, Manny unlawfully denied Plaintiff a reasonable accommodation.

42. Manny required Plaintiff to perform various physical tasks, including among other items, heavy lifting/pushing, carrying, climbing and other physically strenuous activities.

43. On April 29, 2014, Manny summoned Plaintiff to a one-on-one meeting.

44. Manny told Plaintiff, in a hostile threatening tone, to "go the fuck home."

45. Plaintiff complained to Manny that Plaintiff's rights were being violated because Manny was denying Plaintiff a reasonable accommodation and was forcing Plaintiff to perform physical tasks that were contrary to his medical limitations.

46. Plaintiff advised Manny that Plaintiff was going to file a complaint with Ms. Clerkin.

47. Plaintiff then attempted to leave the meeting with Manny, but Manny repeatedly and aggressively shoved Plaintiff into a chair, effectively imprisoning Plaintiff.

48. Plaintiff raised his voice to alert other employees of Manny's violent and threatening conduct and, when those employees appeared, Manny finally stepped aside and Plaintiff escaped from the confinement.

49. Plaintiff used the store's 19th street exit intending to re-enter the store through its 20th street entrance and file a complaint with Ms. Clerkin about the violation of his rights.

50. Manny followed Plaintiff through the store's 19th street exit, down a short staircase, and brought with him several large male employees that were his friends and "posse."

51. Plaintiff advised Manny that Plaintiff was going to file a complaint with Ms. Clerkin.

52. Manny told Plaintiff in a hostile threatening tone to "go the fuck home."

53. At some point, Manny began walking up the staircase and it appeared that he was going to re-enter the store.

54. At that moment, Plaintiff thought that perhaps he could safely re-enter the store and go directly to Ms. Clerkin's office and file a complaint.

55. Plaintiff then began walking up the staircase, leaning on his cane for support.

56. Manny then turned towards Plaintiff, viciously and savagely attacked Plaintiff, beat Plaintiff up and severely wounded Plaintiff.

57. Manny's posse helped him during his attack on Plaintiff.

58. A member of Manny's posse took Plaintiff's cane away from him, rendering Plaintiff even further defenseless from Manny's ongoing vicious and savage attack.

59. Kleinfeld knew or should have known of this attack, as there are active security cameras that recorded the vicious and savage attack.

60. Ms. Clerkin and others came outside and saw Plaintiff lying on the ground seriously injured, screaming in pain.

61. Ms. Clerkin brought Manny back into the store.

62. Upon information and belief, the fire department transported Plaintiff to Beth Israel Medical Center.

63. Upon information and belief, personnel from Kleinfeld never called 911.

64. The police arrested Manny and a criminal action was commenced against him.

65. Plaintiff was admitted to Beth Israel Medical Center on April 29, 2014, was diagnosed with various serious health conditions, and underwent various medical procedures.

66. Upon information and belief, Kleinfeld knew that Plaintiff was hospitalized.

67. Upon information and belief, Kleinfeld knew that Manny was arrested and that criminal charges were brought against him.

68. On May 2, 2014, the hospital discharged Plaintiff.

69. At the direction of Plaintiff's doctors, he went home for bed rest.

70. On May 6, 2014, Ms. Clerkin telephoned Plaintiff.

71. Plaintiff returned the call.

72. At that time, Ms. Clerkin did not express any sincere concern as to Plaintiff's medical condition, Plaintiff's severe injuries, or Manny's vicious and savage attack on Plaintiff.

73. Instead, Ms. Clerkin fired Plaintiff during the telephone call.

74. Thereafter, Kleinfeld sent a letter to Plaintiff and pressured him to sign a release of claims, which he declined to do.

75. Defendant treated Plaintiff "less well" than employees outside his protected class.

76. Defendant unlawfully discriminated against Plaintiff because of his disability and unlawfully denied Plaintiff a reasonable accommodation.

77. Defendant unlawfully discriminated against Plaintiff regarding compensation, terms, conditions and/or privileges of employment, because of his disability.

78. Plaintiff engaged in various protected activities, including among others, requesting a reasonable accommodation, making protected complaints, and opposing and objecting to violations of his legal rights.

79. Defendant unlawfully retaliated against Plaintiff because he engaged in protected activity.

80. Defendant unlawfully discharged Plaintiff.

81. Defendant engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

82. Defendant knew or should have known of the unlawful discrimination, and retaliation.

83. Upon information and belief, Defendant condoned such unlawful conduct.

84. Defendant failed to exercise reasonable care to prevent and correct same.

85. Defendant's proffered reason for the conduct was a pretext for unlawful discrimination and unlawful retaliation.

86. Defendant's conduct, as alleged herein, was perpetrated with malice or reckless indifference to Plaintiff's rights to be free from discrimination and retaliation.

87. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages.

## COUNT ONE

## (NYCHRL)

88. Plaintiff repeats and realleges every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as though fully set forth herein.

89. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(16), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), and 8-502.

90. At all relevant times herein, Defendant was an "employer", "covered entity" and a "person" within the meaning of the NYCHRL.

91. At all relevant times herein, Plaintiff was a "person" within the meaning of the NYCHRL.

92. At all relevant times, Plaintiff had a disability within the meaning of the NYCHRL, because, among other items: (1) he has a physical, medical, mental or psychological impairment, as that term is defined under the NYCHRL; (2) he has a history or record of such an impairment; and/or (3) he was and is perceived or regarded as having such an impairment.

93. Plaintiff was able to perform the functions of his job with or without a reasonable accommodation, as that term is defined under the NYCHRL.

94. Defendant's conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination based on disability, unlawful discharge, unlawful retaliation, and unlawful aiding and abetting thereof, in violation of the NYCHRL.

95. Defendant's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

96. Defendant is liable for the unlawful conduct herein both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provisions of NYCHRL § 8-107(6).

97. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs.

98. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendant.

99. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendant.

## COUNT TWO

## (ADA)

100. Plaintiff repeats and realleges every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as though fully set forth herein.

101. This Count is brought under the ADA, 42 U.S.C. § 12101 et seq. and reference is made to the ADA in its entirety, and to 42 U.S.C. §§ 12102, 12111, 12112, 12117 and to 42 U.S.C. 2000e-5.

102. At all relevant times, Plaintiff was an employee and person within the meaning of the ADA.

103. At all relevant times, Defendant was and is an employer within the meaning of the ADA.

104. Under the ADA, the term disability means, with respect to an individual: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment.

105. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, because: (1) he has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) he has a record of such an impairment; and/or (3) he is regarded as having such an impairment. See, e.g., 42 U.S.C. § 12102.

106. Defendant committed unlawful employment practices and discriminated against Plaintiff because of a disability, regarding compensation, terms, conditions and privileges of employment, and employment opportunities, and unlawfully discharged him because of a disability. Defendant unlawfully retaliated against Plaintiff and unlawfully discharged him for engaging in protected activity, in violation of the ADA.

107. Defendant unlawfully discharged Plaintiff in violation of the ADA.

108. Defendant's conduct, as alleged herein, constituted unlawful employment practices, unlawful discrimination on the basis of a disability, unlawful discharge, and unlawful retaliation, in violation of the ADA.

109. Defendant's unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiff's protected rights to be free from unlawful discrimination and retaliation.

110. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendant.

111. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendant.

## COUNT THREE

## (NYSHRL)

112. Plaintiff repeats and realleges every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety.

114. At all relevant times, Defendant was an "employer" within the meaning of the NYSHRL.

115. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.

116. At all relevant times, Plaintiff had a disability within the meaning of the NYSHRL, because, among other items: (1) he has a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the

exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques; (2) he has a record of such an impairment; and/or (3) he was and is perceived or regarded as having such an impairment.

117. Plaintiff was able to perform the functions of his job with or without a reasonable accommodation, as that term is defined under the NYSHRL.

118. Defendant's conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination based on disability, unlawful discharge, unlawful retaliation, and unlawful aiding and abetting thereof, in violation of the NYSHRL.

119. Defendant is liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e.g., NYSHRL § 296(1) and § 296(6).

120. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages from the Defendant.

121. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment on all Counts, as follows:

(A) On Count One, enter a judgment in favor of Plaintiff on his claims against Defendant under the NYCHRL;

(B) On Count One, award Plaintiff as against Defendant reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendant's unlawful conduct;

(C) On Count One, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful conduct;

(D) On Count One, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(E) On Count One, award Plaintiff as against Defendant punitive damages;

(F) On Count One, award Plaintiff as against Defendant the costs of this action, together with reasonable attorneys' fees;

(G) On Count Two, enter a judgment in favor of Plaintiff on his claims against Defendant under the ADA;

(H) On Count Two, award Plaintiff as against Defendant reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendant's unlawful conduct;

(I) On Count Two, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful conduct;

(J) On Count Two, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(K) On Count Two, award Plaintiff as against Defendant punitive damages;

(L) On Count Two, award Plaintiff as against Defendant the costs of this action, together with reasonable attorneys' fees;

(M) On Count Three, enter a judgment in favor of Plaintiff on his claims against Defendant under the NYSHRL;

(N) On Count Three, award Plaintiff as against Defendant reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendant's unlawful conduct;

(O) On Count Three, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful conduct;

(P) On Count Three, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(Q) On all Counts, award Plaintiff any and all other damages and relief provided by the applicable statutes; and

(R) Grant Plaintiff such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial for all issues triable.

Dated: New York, New York
January 15, 2016

GOLDBERG & FLIEGEL LLP

By: /s/ Kenneth A. Goldberg

Kenneth A. Goldberg
192 Lexington Avenue, Suite 902
New York, New York 10016
(212) 983-1077
Attorneys for Plaintiff